TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00237-CV






Michael B. Jenniges, Appellant


v.


Barbara Keen Gawlik, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,

NO. 241,266, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 Appellant Michael B. Jenniges commenced the underlying personal injury proceeding
following a traffic accident in which appellee Barbara Keen Gawlik drove her car into Jenniges's
pickup truck. (1) In the bifurcated proceeding, a jury determined that Gawlik's estate was liable for
Jenniges's actual damages in the amount of $11,700. Further, the jury determined that Gawlik's acts
were malicious, and, in the second phase of the proceeding, found her estate liable for punitive
damages in the amount of $1. Jenniges contends that the trial court reversibly erred during the
punitive damage phase of the proceeding by allowing the administrator of Gawlik's estate, Rick
Kennon, to testify as an expert when, during discovery, he had been designated only as a fact
witness. Jenniges also contends that, in the event there was no error in failing to designate Kennon
as an expert, the trial court erred by disallowing cross-examination of Kennon regarding potential
claims Gawlik's estate may have against her personal physician. We affirm the judgment.

 Jenniges first contends that the trial court erred by allowing Kennon to testify as an
expert about the assets in Gawlik's estate when he had been designated as a fact witness only. At
trial, Jenniges objected that Kennon should not be permitted to testify about the assets in Gawlik's
estate because such matters required expert testimony. Gawlik's estate responded that expert
testimony was unnecessary and that Kennon would only testify about facts, that is, what assets were
in Gawlik's estate at the time of trial.

 After the court overruled Jenniges's objection, Gawlik's estate called Kennon to
testify. During direct examination, Gawlik's estate's attorney asked Kennon, "What assets are in
the estate right now, if any?" Kennon responded that there was only "an estate bank account with
approximately $36,000 in it." Gawlik's estate's attorney also asked Kennon how many survivors
Gawlik had, to which he responded, "At the time of her death, there was one adult child and three
minor children." All other testimony from Kennon regarding the value of Gawlik's estate was
elicited from Jenniges on cross-examination, which the court did not limit. Additionally, the trial
court allowed as evidence a copy of the inventory and appraisement of Gawlik's estate, which
showed the amount of money she received from her husband's estate.

 To be admissible, expert testimony must generally involve "scientific, technical, or
other specialized knowledge" as to which a witness could be qualified as an expert by knowledge,
skill, experience, training, or education, and it must assist the trier of fact. Tex. R. Evid. 702; see
GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 620 (Tex. 1999). Where the issue involves only
general knowledge and experience rather than expertise, it is within the province of the jury to
decide, and admission of expert testimony on the issue is error. See Bruce, 998 S.W.2d at 620.

 Here, Kennon was appointed by the probate court as the administrator of Gawlik's
estate. The Texas Probate Code lists persons qualified to serve as an administrator of an estate. See
Tex. Prob. Code Ann. § 77 (West 1980). None of the qualifications to serve as an administrator of
an estate requires any specialized knowledge, training, or experience. Further, the probate code
provides that there are no requirements of special skill or knowledge of an estate's administrator and
only in extreme cases will someone not be qualified to serve as an administrator.

 To support his argument that an expert's opinion was necessary to testify about
Gawlik's estate's assets, Jenniges relies upon punitive damage cases that involved the valuation of
the cash flow of large corporations. See Browning-Ferris Indus., Inc. v. Liek, 845 S.W.2d 926, 944
(Tex. App.--Corpus Christi 1992), rev'd on other grounds, 881 S.W.2d 288 (Tex. 1994); Borden,
Inc. v. De La Rosa, 825 S.W.2d 710 (Tex. App.--Corpus Christi 1991), vacated by, 831 S.W.2d 304
(Tex. 1992). Contrary to these situations, Gawlik's estate was straightforward, and, at the time of
trial, consisted only of a bank account with money on deposit. Kennon did not rely on any special
knowledge or training to testify about the assets of Gawlik's estate, and no expert testimony was
required to describe the single asset of her estate. Jenniges's first contention is overruled.

 Jenniges also contends that, in the event this Court determines that expert testimony
was unnecessary to describe the assets of Gawlik's estate, the trial court erred by not allowing
Jenniges to elicit testimony from Kennon that Gawlik's estate had a possible medical malpractice
claim against her personal physician. The trial court allowed Jenniges to present a bill of review.

 We review the trial court's exclusion of evidence using the abuse of discretion
standard described in City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). There was
no evidence that a medical malpractice claim had been filed by Gawlik's estate or her survivors.
Additionally, there was no evidence that actions by any of Gawlik's physicians caused her damage.
Furthermore, the autopsy report, admitted as evidence, stated that, while there was a high but non-lethal concentration of one particular drug in her bloodstream, she died in her sleep of a heart attack.
As there was no evidence produced indicating that any actions of Gawlik's physicians constituted
medical malpractice or caused Gawlik harm, Jenniges's reference to a medical malpractice action
was only speculation. We hold that Jenniges has not shown that the trial court abused its discretion
in disallowing testimony regarding a possible medical malpractice claim by Gawlik's estate against
her personal physician. Jenniges's second contention is overruled.

 Having overruled Jenniges's contentions, we affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Yeakel, Patterson and Puryear

Affirmed

Filed: January 16, 2003
1.   Barbara Gawlik died during the pendency of the lawsuit, and Jenniges maintained the
lawsuit against her estate.